IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No.: 1:15-cv-368

| | |
|---|---|
| PRECISION FABRICS GROUP, INC.,<br><br>Plaintiff,<br><br>v.<br><br>KATAHDIN INDUSTRIES, INC. AND PRECISION COATING CO., INC.<br><br>Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Precision Fabrics Group, Inc. ("PFG"), by and through its attorneys, for its Complaint herein against Defendant Katahdin Industries, Inc. and Defendant Precision Coating Co., Inc. (collectively "Defendants") alleges:

## PARTIES

1. PFG is a corporation duly organized and existing under the laws of the State of North Carolina, having its principal place of business in Greensboro, North Carolina.

2. Katahdin Industries, Inc. is duly organized and existing under the laws of the State of Massachusetts, having its principal place of business in Dedham, Massachusetts. Upon information and belief, Katahdin Industries, Inc. does, or has done, business as Precision Fabric.

3. Precision Coating Co., Inc. is a corporation duly organized and existing under the laws of the State of Massachusetts, having its principal place of business in

Boston, Massachusetts. Upon information and belief, Precision Coating Co. does, or has done, business as Precision Fabric.

**JURISDICTION AND VENUE**

4. This is a civil action for trademark infringement, false designation of origin, and unfair competition arising under the Trademark Act of 1946 (the "Lanham Act"), as amended 15 U.S.C. § 1051 *et seq.* This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121 in that this action arises in part under 15 U.S.C. § 1125. This Court also has jurisdiction of this matter pursuant to 28 U.S.C. § 1332, in that it is a civil action between citizens of different states in which the amount in controversy exceeds $75,000. This Court also has jurisdiction over PFG's state law claims under 28 U.S.C. § 1338(b) because these claims are joined with substantial and related claims under federal trademark law, and pursuant to the doctrine of supplemental jurisdiction.

5. This Court has personal jurisdiction over Defendants pursuant to the provisions of N.C. Gen. Stat. § 1-75.4 and the underlying due process principles of the United States Constitution. Upon information and belief, Defendants have done and are doing business in this state and district, have significant contacts in this state and district, have offered for sale and sold infringing products in this state and district, and have committed acts in this state and district that are subject of the counts set forth herein.

6. Venue is properly established in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c), as the Defendants have engaged in acts of infringement within the

2

Case 1:15-cv-00368-TDS-JEP   Document 1   Filed 05/05/15   Page 2 of 17

jurisdiction of this Court, including this Judicial District, which acts are the subject of this Complaint.

## FACTUAL ALLEGATIONS

### The "PRECISION FABRICS" Mark

7. Since February of 1988, PFG has been manufacturing, marketing, and selling fabrics in connection with its PRECISION FABRICS and PRECISION FABRICS GROUP, INC. trademarks (hereinafter collectively referred to as the term "PRECISION FABRICS" or the "PRECISION FABRICS Mark"). Such fabrics are used in numerous applications and industries including, without limitation: industrial fabrics for manufacturing applications; fiber-reinforced composite materials; acoustic materials; protective apparel for use in hazardous plants and cleanrooms; healthcare industry fabrics including surgical applications, apparel for patients and healthcare providers, and supply room wraps; and home furnishings including mattress covers, mattress ticking, window treatments, and therapeutic bedding.

8. PFG is the owner of U.S. Trademark Registration No. 1,853,682 for PRECISION FABRICS GROUP, INC. for fabric used in the manufacture of apparel, protective garments, medical garments, military and sport parachutes and ponchos, garment labels, filters, car covers, hamper bags, shoe covers, drapes, window treatments, instrument wraps, mold-release agents, fiber reinforced veils, impression fabrics for use in typewriters, computer printers and other impact printing devices in International Class 24 (the "PFG Registration").

3

9. The PFG Registration was placed on the Principal Register of the United States Patent and Trademark office on September 13, 1994, and is now in full force and effect. A true and correct copy of this registration, which is valid and existing, unrevoked and uncancelled, is attached hereto as <u>Exhibit A</u>.

10. PFG has enjoyed continuous and substantially exclusive use of its PRECISION FABRICS Mark for its fabrics since February of 1988.

11. PFG's advertisement and sale of its products in connection with its PRECISION FABRICS Mark have been considerable.

12. Based upon the continuous and substantially exclusive use of the PRECISION FABRICS Mark, and as a consequence of the extensive advertising, promotion and sale of products under the PRECISION FABRICS Mark, PFG's PRECISION FABRICS Mark has become exceedingly strong, and is distinctive of PFG's products in the minds of the consuming public. The public recognizes the PRECISION FABRICS Mark as representing the quality and value of PFG's products, identifying PFG's PRECISION FABRICS products as coming from a single source, and distinguishing PFG's PRECISION FABRICS products from other products manufactured, marketed and distributed by other sources.

13. PFG has developed and acquired a valuable reputation in the minds of the consuming public in connection with its products bearing the PRECISION FABRICS Mark and has enjoyed the goodwill associated therewith. The PRECISION FABRICS Mark is today among PFG's most valuable assets.

## Defendants' Infringing Activities

14. Defendants distribute, market, sell, and otherwise promote, and/or have distributed, marketed, sold, and otherwise promoted, fabrics in interstate commerce in connection with the terms "Precision Fabric," "Precision Fabric Company," and "PrecisionFab" (hereinafter collectively referred to as the "Precision Fabric terms"), as shown in Exhibit B.

15. Upon information and belief, Defendants had actual knowledge of the existence of PFG's PRECISION FABRICS Mark, including the PFG Registration, prior to Defendants' adoption and use of the Precision Fabric terms, which are substantially identical to PFG's PRECISION FABRICS Mark and the PFG Registration for PRECISION FABRICS GROUP, INC., which disclaims the term "FABRICS GROUP, INC." apart from the trademark in its entirety.

16. Defendants were aware or should have been aware that the trade and purchasing public recognize and rely upon the PRECISION FABRICS Mark to identify PFG's products and to distinguish PFG's products from the products of others.

17. Defendants were aware or should have been aware that their use of the Precision Fabric terms was likely to confuse, mislead and otherwise deceive consumers into believing that Defendants' products originate from or are licensed, sponsored, approved or authorized by PFG.

18. Defendants were aware or should have been aware that their use of the Precision Fabric terms was likely to cause confusion with PFG's well-known PRECISION FABRICS Mark.

19. Defendants' acts have likely caused confusion among the consuming public and purchasers of fabrics as to the source, approval, sponsorship, or affiliation of Defendants' products with the like products of PFG.

20. Defendants' acts have caused actual confusion among the consuming public, including customers of industrial fabrics, as to the source, approval, sponsorship or affiliation of Defendants or Defendants' fabrics with PFG.

21. By the aforementioned acts, Defendants have taken advantage of and sought to trade upon the reputation and goodwill developed by PFG in connection with its PRECISION FABRICS Mark and to capitalize on the market created by PFG for its PRECISION FABRICS products.

22. Upon information and belief, Defendants' acts were committed with the intent to confuse or deceive the consuming public into believing that Defendants' fabrics originate from and/or are licensed, sponsored, approved, or authorized by PFG.

23. Defendants' acts will likely induce consumers to believe that the same company sells both PFG's products and Defendants' products. Defendants' acts will also likely induce other consumers to purchase Defendants' products in the mistaken belief that they have actually purchased PFG's products.

6

24. As a result of Defendants' conduct, PFG has suffered and, unless enjoined by this Court, will continue to suffer damage to its business, reputation and goodwill.

25. The infringing activities of Defendants are wanton, willful, and deliberate.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement in Violation of Lanham Act § 32)

26. PFG hereby alleges and incorporates by reference the allegations of Paragraphs 1 through 25 above.

27. As alleged, PFG is the owner of United States Trademark Registration No. 1,853,682 for PRECISION FABRICS GROUP, INC. for various fabrics. This registration issued and was placed on the Principal Register of the United States Patent and Trademark office on September 13, 1994, and is now in full force and effect.

28. Defendants manufacture, distribute, sell, advertise, and market their fabrics in connection with the Precision Fabric terms.

29. Defendants' distribution, sale, advertisement, and marketing of fabrics in connection with the Precision Fabric terms are likely to cause confusion, to cause mistake or to deceive.

30. Defendants' acts are without license, consent, or permission of PFG.

31. Defendants' acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

32. Defendants' conduct has and continues to cause irreparable injury to PFG and to its business, reputation and goodwill, and unless said conduct is restrained by this

7

Court, will continue to cause irreparable injury to PFG for which there is no adequate remedy at law.

33. PFG also has suffered and continues to suffer injury and is entitled to recover all damages sustained by Defendants' actions, all profits realized by Defendants, and costs of suit, pursuant to 15 U.S.C § 1117.

34. Defendants knew or had reason to know of PFG's longstanding and widely recognized use of its PRECISION FABRICS Mark and nevertheless intentionally adopted the Precision Fabric terms, which are substantially identical to PFG's PRECISION FABRICS Mark and the PFG Registration for PRECISION FABRICS GROUP, INC., which disclaims the term "FABRICS GROUP, INC." apart from the trademark in its entirety.

35. Given that Defendants' actions were willful, deliberate, and fraudulent, PFG is entitled to treble damages and an award of reasonable attorneys' fees against the Defendants, pursuant to 15 U.S.C § 1117.

## SECOND CLAIM FOR RELIEF

**(False Designation of Origin and Unfair Competition in Violation of Lanham Act § 43(a))**

36. PFG repeats and reincorporates each and every allegation contained in Paragraphs 1 through 35 above as if fully set forth herein.

37. Defendants' distribution, sale, advertisement, and marketing of fabrics in connection with the Precision Fabric terms falsely designates and misrepresents the origin of said fabrics and is likely to cause confusion, to cause mistake or to deceive as to

8

the affiliation, connection, or association of Defendants with PFG or as to the sponsorship or approval of Defendants' fabrics by PFG.

38. Defendants' acts are without license from or permission of PFG.

39. Defendants' acts constitute false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

40. Defendants' conduct has and continues to cause irreparable injury to PFG and to its business, reputation, and goodwill, and unless said conduct is restrained by this Court, will continue to cause irreparable injury to PFG for which there is no adequate remedy of law.

41. PFG also has suffered and continues to suffer injury and is entitled to recover all damages sustained by Defendants' actions, all profits realized by Defendants, and costs of suit, pursuant to 15 U.S.C § 1117.

42. Defendants knew or had reason to know of PFG's longstanding and widely recognized use of its PRECISION FABRICS Mark, and nevertheless intentionally adopted the Precision Fabric terms, which are substantially identical to PFG's PRECISION FABRICS Mark and the PFG Registration for PRECISION FABRICS GROUP, INC., which disclaims the term "FABRICS GROUP, INC." apart from the trademark in its entirety.

43. Given that Defendants' actions were willful, deliberate, and fraudulent, PFG is entitled to treble damages and an award of reasonable attorneys' fees against the Defendants, pursuant to 15 U.S.C § 1117.

## THIRD CLAIM FOR RELIEF

### (Cybersquatting in Violation of the Lanham Act 15 U.S.C. §1125(d))

44. PFG repeats and reincorporates each and every allegation contained in Paragraphs 1 through 43 above as if fully set forth herein.

45. Upon information and belief, and as shown in <u>Exhibit C</u> attached hereto, since approximately August 2, 2006, Defendant Katahdin Industries, Inc., on behalf of itself and Defendant Precision Coating Co., Inc., has owned an internet domain name registration for "precisionfabric.com," which is substantially identical to PFG's PRECISION FABRICS mark.

46. By registering and continuing to use the "precisionfabric.com" internet domain name, Defendants intend to divert consumers from sites affiliated with PFG in a manner that is likely to harm the goodwill represented by the PRECISION FABRICS Mark and to create a likelihood of confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with PFG, or as to the origin, sponsorship, or approval of Defendants' products or commercial activities by PFG. Defendants' acts have a substantial effect on interstate commerce and have unfairly damaged and impaired that part of PFG's goodwill symbolized by PFG's well-known PRECISION FABRICS Mark.

47. Upon information and belief, Defendants have a bad-faith intent to profit from their continued infringing use of the PRECISION FABRICS Mark in the "precisionfabric.com" domain name.

10

Case 1:15-cv-00368-TDS-JEP   Document 1   Filed 05/05/15   Page 10 of 17

48. Defendants' use of the "precisionfabric.com" domain name is confusingly similar to the PRECISION FABRICS Mark.

49. Defendants' unauthorized use of the PRECISION FABRICS mark in the "precisionfabric.com" domain name constitutes cybersquatting within the meaning of Section 43(d) of the Lanham Act, 15 U.S.C. §1125(d).

50. Defendants' conduct has and continues to cause irreparable injury to PFG and to its business, reputation, and goodwill, and unless said conduct is restrained by this Court, will continue to cause irreparable injury to PFG for which there is no adequate remedy of law.

51. PFG also has suffered and continues to suffer injury and is entitled to recover all damages sustained by Defendants' actions, all profits realized by Defendants, and costs of suit, pursuant to 15 U.S.C § 1117.

52. Defendants knew or had reason to know of PFG's longstanding and widely recognized use of its PRECISION FABRICS Mark, and nevertheless intentionally registered and used the domain name "precisionfabric.com," which is substantially identical to PFG's PRECISION FABRICS Mark and the PFG Registration for PRECISION FABRICS GROUP, INC., which disclaims the term "FABRICS GROUP, INC." apart from the trademark in its entirety.

53. Given that Defendants' actions were willful, deliberate, and fraudulent, PFG is entitled to treble damages and an award of reasonable attorneys' fees against the Defendants, pursuant to 15 U.S.C § 1117.

## FOURTH CLAIM FOR RELIEF

**(Violation of North Carolina Unfair and Deceptive Trade Practices Act § 75-1.1)**

54. PFG repeats and reincorporates each and every allegation contained in Paragraphs 1 through 53 above as if fully set forth herein.

55. Defendants are confusing the public, are competing unfairly, and are employing deceptive trade practices.

56. Defendants' acts are without license, consent, or permission of PFG.

57. Defendants' acts constitute trademark infringement and unfair competition in violation of N.C. Gen Stat. § 75-1.1 and the common law of the State of North Carolina.

58. Defendants have similarly violated the comparable statutory and common law of each and every state in which Defendants sell, offer for sale, distribute or advertise fabrics in connection with the Precision Fabric terms.

59. Defendants' conduct has and continues to cause irreparable injury to PFG and to its business, reputation and goodwill, and unless said conduct is restrained by this Court, will continue to cause irreparable injury to PFG for which there is no adequate remedy of law.

60. PFG also has suffered and continues to suffer injury and is entitled to recover all damages sustained by Defendants' actions and attorneys' fees, pursuant to N.C. Gen Stat. § 75-16.

61. Defendants knew or had reason to know of PFG's longstanding and widely recognized use of its PRECISION FABRICS Mark, and nevertheless intentionally adopted the Precision Fabric terms, which are substantially identical to PFG's PRECISION FABRICS Mark and the PFG Registration for PRECISION FABRICS GROUP, INC., which disclaims the term "FABRICS GROUP, INC." apart from the trademark in its entirety.

62. Given that Defendants' actions were willful, deliberate, and fraudulent, PFG is entitled to treble damages and an award of reasonable attorneys' fees against the Defendants, pursuant to N.C. Gen Stat. §§ 75-16 and 75-16.1.

## FIFTH CLAIM FOR RELIEF

**(Injunction)**

63. PFG repeats and reincorporates each and every allegation contained in Paragraphs 1 through 62 above as if fully set forth herein.

64. Upon information and belief, Defendants have distributed, and is continuing to distribute, large quantity of fabrics with connection with the Precision Fabric terms.

65. Defendants' distribution of such fabrics in connection with the Precision Fabric terms has caused, and is continuing to cause, irreparable injury to PFG and to its business, reputation, goodwill, and the PRECISION FABRICS brand.

66. The remedies available at law to PFG, such as monetary damages, are inadequate to compensate PFG for such irreparable injury.

67. An injunction restraining Defendants from any further distribution of fabrics in connection with the Precision Fabric terms is warranted, and if Defendants' conduct is not permanently restrained, PFG will suffer substantially more harm than Defendants will suffer if such conduct is permanently restrained.

68. The public interest will not be disserved, and in fact will be supported, by the issuance of an injunction restraining Defendants from shipping any further fabrics in connection with the Precision Fabric terms.

69. PFG is entitled to an injunction restraining Defendants from distributing, shipping, and selling any fabrics in connection with the Precision Fabric terms.

**Prayer for Relief**

WHEREFORE, PFG prays for judgment as follows:

1. For a trial by jury on all issues so triable.

2. The Defendants, their officers, agents, co-conspirators, servants, affiliates, employees, successors, and assigns, and all those in privity or acting in concert with Defendants, be enjoined and restrained from directly or indirectly:

(a) manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any products in connection with the Precision Fabric terms or any simulation, reproduction, copy, or colorable imitation thereof;

(b) using any false designation of origin, or performing any act which can, or is likely to lead, members of the trade or public to believe that any products

14

distributed or sold by Defendants are any way associated or connected with PFG or is sold, licensed, sponsored, approved or authorized by PFG;

(c) using the domain name precisionfabric.com or any other domain name which colorably simulates PFG's PRECISION FABRICS Mark, which can, or is likely to lead, members of the trade or public to believe that any products distributed or sold by Defendants are any way associated or connected with PFG or is sold, licensed, sponsored, approved or authorized by PFG;

(d) transferring, consigning, selling, shipping, or otherwise moving any products, in Defendants' possession, custody or control in connection with the Precision Fabric terms or any mark that is substantially similar or identical to PFG's PRECISION FABRICS Mark, or disposing of in any way Defendants' records relating to the design, appearance, trademarks, sales or orders for the purchase of products bearing any marks confusingly similar to PFG's PRECISION FABRICS Mark;

(e) engaging in any activity constituting unfair competition with PFG, or with PFG's rights in, or to use, or exploit, the PRECISION FABRICS Mark, or causing injury to PFG's name, reputation or goodwill; and

(f) assisting, aiding or abiding any other person or business entity in engaging or performing any of the activities referred to in subparagraphs (a) through (e) above.

15

3. Directing that Defendants deliver up for destruction all products, labels, signs, prints, packaging, wrappers, advertisements, promotional materials, catalogues, brochures, information sheets, website materials, or other printed or graphic materials of any type in their possession or control bearing any of the matter enjoined under Paragraph 2 hereof.

4. Directing that Defendants demand that all their customers and retailers cease distributing, circulating, selling, offering for sale, advertising, promoting or displaying any products in connection with the Precision Fabric terms or any simulations, reproductions, copies, or colorable imitations thereof.

5. For monetary damages sustained by PFG as a result of Defendants' unlawful conduct, and all profits realized, in an amount to be proved at trial, and to be trebled or enhanced as allowed by law because of Defendants' activities described herein.

6. Directing that the aforesaid amounts be multiplied or otherwise enhanced as permitted by law.

7. Awarding punitive damages against Defendants and in favor of PFG in amount to be determined at trial for the intentional, willful, and wanton acts of Defendants.

8. Awarding PFG its reasonable attorneys' fees and costs herein.

9. Granting PFG such other and further relief as the Court may deem just and proper.

This the 5th day of May, 2015.

/s/ Richard A. Coughlin
Richard A. Coughlin
N.C. State Bar No. 19894
Kimberly B. Gatling
N.C. State Bar No. 27234
Whit D. Pierce
N.C. State Bar No. 46327

SMITH MOORE LEATHERWOOD LLP
300 N. Greene Street, Suite 1400
Post Office Box 21927
Greensboro, NC 27420
Telephone: (336) 378-5200
Facsimile: (336) 378-5400
E-mail: rick.coughlin@smithmoorelaw.com
E-mail: kim.gatling@smithmoorelaw.com
E-mail: whit.pierce@smithmoorelaw.com

ATTORNEYS FOR PLAINTIFF PRECISION FABRICS GROUP, INC.